# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| JENNIFER M. NELSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CAUSE NO. 1:15-cv-00175-JD-SLC** |
| | ) | |
| PROXEMICS CONSULTING, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Before the Court in this case under the Fair Labor Standards Act ("FLSA") is a Joint

Motion to Approve Settlement and for Entry of Order of Dismissal with Prejudice and Without

Attorneys' Fees or Costs (DE 19). Pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil

Procedure 72(b), and Northern District of Indiana Local Rule 72-1, District Judge Jon E.

DeGuilio referred this motion to the undersigned Magistrate Judge for the issuance of a Report

and Recommendation. (DE 20). Having reviewed the record, and having conducted a hearing

on the motion (DE 22), the undersigned Magistrate Judge recommends that the motion

approving the settlement and dismissing the case be GRANTED.

### A. *Factual and Procedural Background*

Nelson filed this FLSA case against her purported former employer, Defendant

Proxemics Consulting, Inc. ("Proxemics"), on July 8, 2015, alleging that at the time of her

termination, Proxemics owed her for 2,080 hours of unpaid overtime, amounting to

approximately $16,120. (DE 1). At a preliminary pretrial conference on September 24, 2015,

the Court set a discovery deadline of July 1, 2016. (DE 18). The parties filed the instant joint

motion on January 18, 2016, requesting that a Confidential Settlement Agreement and General

Release entered into by the parties ("the Agreement") be approved and that the case be dismissed with prejudice. (DE 19). A hearing was held on the motion on February 17, 2016, at which counsel for the parties appeared in person. (DE 22).

### B. Applicable Legal Standard

"[S]tipulated settlements in a FLSA case must be approved by the Court . . . ." *Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990, 994 (N.D. Ind. 2010) (second alteration in original) (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 CV 4377 (KAM)(CLP), 2010 WL 2545439, at *3 (E.D.N.Y. May 17, 2010)). "To determine the fairness of a settlement under [the] FLSA, the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* (alteration in original) (quoting *Misiewicz*, 2010 WL 2545439, at *3) (internal quotation marks omitted). "Normally, a settlement is approved where it is the result of contentious arm's-length negotiations, which were undertaken in good faith by counsel . . . and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Id.* (alteration in original) (quoting *Misiewicz*, 2010 WL 2545439, at *3) (internal quotation marks omitted).

### C. Discussion

At the hearing, counsel presented the Agreement to the Court for review, and counsel's statements were heard concerning its terms. Counsel discussed the complexity, expense, and likely duration of this litigation, the risks with respect to establishing liability and damages; the reasonableness of the settlement in light of the best and lowest possible recovery; the release of

claims required by Nelson, and the proportion of attorneys' fees (one-third) relative to the settlement. Counsel agree that the Agreement is fair and just to the parties.

Specifically, counsel acknowledged that a point of contention between the parties was Nelson's status: she contends that she was an employee, while Proxemics asserts that she was an independent contractor. Counsel further observed that even if Nelson was determined to be an employee, a significant disparity exists between the amount of unpaid overtime she claims, more than 1,000 hours per year, and the amount that Proxemics arguably acknowledges, 20 hours per year. Counsel explained that the settlement amount strikes a middle ground between the parties' disparate positions.

Counsel further reported that the parties have engaged in four months of extensive discovery in an attempt to reach an early resolution of this case, even before it proceeded to mediation. In fact, Nelson's counsel stated that the discovery process was complete from his perspective. Accordingly, the parties have been able to thoroughly evaluate the strengths and weaknesses of their claims and defenses; in particular, the parties have been able to review their positions regarding Nelson's status as an employee or independent contractor and the disparity in the number of hours of unpaid overtime. Counsel acknowledged that based on the evidence at present, either party could win or lose if the case proceeds to summary judgment or trial.

Additionally, counsel stated that this case has required, and would require in the future, a considerable amount of attorney time. In fact, Proxemics's attorneys' fees at this early stage of the case are already at least as much as the settlement amount. Both counsel agree that entering into the Agreement is the most cost-efficient way to resolve this case. Furthermore, the Agreement is a global settlement of not only Nelson's overtime claims, but also her claims set

forth in an EEOC charge of discrimination, which counsel agree would result in more attorneys'
fees.

Counsel added that the Agreement was reached through extensive negotiations between
the parties' counsel while assessing the evidence that affected Nelson's and Proxemics's best
and worst case scenarios. Counsel stated that the settlement negotiations were initiated in
November and a resolution was achieved in January, revealing that the settlement was not hastily
negotiated. Counsel each agreed that the Agreement reflects a reasonable compromise of the
issues in dispute and was reached in an adversarial context in which both parties were
represented by counsel.

Having considered the Agreement and counsel's statements, the undersigned Magistrate
Judge is persuaded that the Agreement reflects a fair and reasonable compromise of the parties'
dispute. This suit was filed in July 2015, and discovery has proceeded for four months, allowing
the parties sufficient opportunity to gain a fairly clear understanding of the nature of the case and
Nelson's claims. The parties are represented by experienced counsel, who have negotiated in
good faith and at arm's length, and such counsel have concluded that the value of an immediate
settlement concerning overtime wages and the EEOC charge outweighs the possibility of
additional relief after lengthy, expensive litigation. The amount that will be received by Nelson
is fair, reasonable, and adequate in light of the claims set forth in the complaint.

Concerning the amount of attorneys' fees awarded under the Agreement,
"[p]roportionality is the comparison between a plaintiff's damages and attorneys' fees."
*Dominguez v. Quigley's Irish Pub., Inc.*, 897 F. Supp. 2d 674, 686 (N.D. Ill. 2012) (citing
*Anderson v. AB Painting & Sandblasting, Inc.*, 578 F.3d 542, 546 (7th Cir. 2009)). "There is no

strict rule of proportionality, and the Seventh Circuit has repeatedly rejected the notion that the fees must be calculated proportionally to damages." *Id*. (quoting *Estate of Enoch ex rel. Enoch v. Tienor*, 570 F.3d 821, 823 (7th Cir. 2009); *Anderson*, 578 F.3d at 544-45) (internal quotation marks omitted). However, "[a] request for fees that is a large multiple of the amount awarded should cause the court to pause and reflect on the fee requested." *Id*. (citing *Anderson*, 578 F.3d at 546). Here, the attorneys' fees under the Agreement are one-third of the settlement amount, which is a proportion commonly approved by courts in FLSA actions. *See Campbell v. Advantage Sales & Mktg., LLC*, No. 1:09-cv-01430, 2012 WL 1424417, at *2 (S.D. Ind. Apr. 24, 2012) (collecting cases); *Burkholder*, 750 F. Supp. 2d at 997 (collecting cases). Accordingly, the Court finds that the amount of attorneys' fees awarded under the Agreement is reasonable.

In sum, the undersigned Magistrate Judge concludes that the Agreement is fair and reasonable in light of the risk and expense that further litigation would entail. Therefore, it will be recommended that the joint motion for approval of the Agreement be granted and that the action be dismissed with prejudice.

### D. Conclusion

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS that the Joint Motion to Approve Settlement and for Entry of Order of Dismissal with Prejudice and Without Attorneys' Fees or Costs (DE 19) be GRANTED and that the case be DISMISSED with prejudice.

The Clerk is directed to send a copy of this Report and Recommendation to counsel for the parties. NOTICE IS HEREBY GIVEN that within 14 days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections to the

proposed findings or recommendations.  Fed. R. Civ. P. 72(b).  FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.  *See Brokaw v. Brokaw*, 128 F. App'x 527, 530 (7th Cir. 2005); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

SO ORDERED.

Entered this 18th day of February 2016.

/s/ Susan Collins_____
Susan Collins
United States Magistrate Judge