UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JENNIFER M. NELSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:15-CV-175 JD ) |
| PROXEMICS CONSULTING, INC., | ) ) |
| Defendant. | ) |

## ORDER

Before this Court is the parties' motion for settlement approval under the Fair Labor Standards Act. On January 19, 2016, the undersigned referred this motion to Magistrate Judge Susan L. Collins for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b) and Northern District of Indiana Local Rule 72.1(c). [DE 20]. Magistrate Judge Collins then held a hearing on the parties' motion and issued her report and recommendation on February 18, 2016, recommending approval of the settlement. As of this date, no party has filed an objection to the report and recommendation.

The Court's review of a Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Under Fed. R. Civ. P. 72(b), however, the Court must only make a *de novo* determination of those portions of the Magistrate Judge's report and recommendation to which specific written objection have been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); Fed.

R. Civ. P. 72(b). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id.* In addition, failure to file objections with the district court "waives the right to appeal all issues addressed in the recommendation, both factual and legal." *Id.* Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Both 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) require the parties to file objections to a report and recommendation within fourteen days of being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). More than fourteen days have passed since the parties were served with Magistrate Judge Collins' report and recommendation and no party has filed an objection. Consequently, the Court considers there to be no objection to it.

Having reviewed that report and recommendation [DE 23] and finding no clear error therein, the Court **ADOPTS** it in its entirety and incorporates Magistrate Judge Collins' recommendations into this order. Accordingly, the Court now **APPROVES** the parties' settlement and **DISMISSES** this matter with prejudice.

SO ORDERED.

ENTERED: March 23, 2016

                                              /s/ JON E. DEGUILIO
Judge
United States District Court